UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HALSEY J. JULIEN, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:09-CV-613 CAS |
| MARK A. MEYERS, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This removed matter is before the Court on plaintiff Halsey J. Julien's motion to remand. Defendants oppose the motion and it is fully briefed. For the following reasons, the Court concludes that it lacks subject matter jurisdiction over this action and the same should be remanded to the state court from which it was removed.

## Background

This case was originally filed in the Circuit Court of the City of St. Louis, State of Missouri, on March 17, 2009. The case stems from the alleged misconduct of various officers of the St. Louis Metropolitan Police Department and the wife of one of those officers. The nine-count Petition asserts claims for (1) false arrest and/or false imprisonment, (2) malicious prosecution, (3) intentional infliction of emotional distress, (4) conspiracy, (5) negligence per se, and (6) negligence, along with three counts seeking punitive damages. The case was removed to this Court on the basis of federal question jurisdiction, 28 U.S.C. § 1331. The Notice of Removal states that the Petition "specifically asserts claims that [defendants'] alleged misconduct violated Amendments IV and V to the Bill of Rights of the United States Constitution." Notice of Removal at 2.

Plaintiff moves to remand on the basis that each claim in his Petition is based solely on Missouri law, and that the state law claims do not give rise to federal question jurisdiction.

**Legal Standard**

The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. Green v. Ameritrade, Inc., 279 F.3d 590, 596 (8th Cir. 2002). In determining whether a claim "arises under" federal law, courts must be "mindful that the nature of federal removal jurisdiction—restricting as it does the power of the states to resolve controversies in their own courts—requires strict construction of the legislation permitting removal." Nichols v. Harbor Venture, Inc., 284 F.3d 857, 861 (8th Cir. 2002) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941)). Removal statutes are therefore strictly construed, In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993), and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. Central Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009). If "at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the case must be remanded to the state court from which it was removed. 28 U.S.C. § 1447(c).

The propriety of removal to federal court depends on whether the claim comes within the scope of the federal court's subject matter jurisdiction. See 28 U.S.C. § 1441(b). "A defendant may remove a state court claim to federal court only if the claim originally could have been filed in federal court, and the well-pleaded complaint rule provides that a federal question must be presented on the face of the properly pleaded complaint to invoke federal court jurisdiction." Gore v. Trans World Airlines, 210 F.3d 944, 948 (8th Cir. 2000) (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392

2

(1987)), cert. denied, 532 U.S. 921 (2001).[1] A federal question is raised in "those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Peters v. Union Pacific Railroad Co., 80 F.3d 257, 260 (8th Cir. 1996) (quoting Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 27-28 (1983)). A plaintiff is the master of his complaint, and may avoid federal removal jurisdiction by exclusive reliance on state law. Caterpillar, 482 U.S. at 392.

There is a variety of federal jurisdiction know as "arising under" jurisdiction, under which "in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005). "The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues[.]" Id. There is no "single, precise, all-embracing test for jurisdiction over federal issues embedded in state-law claims between nondiverse parties." Id. at 314 (internal marks omitted). To determine if a case falls "within th[is] special and small category," Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 699 (2006), "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable, 545 U.S. at 314.

---

[1]There is no allegation that complete diversity of citizenship exists in this case.

The "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 813 (1986); see also Gully v. First Nat'l Bank, 299 U.S. 109 (1936) ("Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit."). Federal jurisdiction exists only in those circumstances where a federal question is presented by a well-pleaded complaint which shows that either federal law creates the cause of action, or the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. Franchise Tax Board, 463 U.S. at 13. The plaintiff's "characterization of a claim as based solely on state law is not dispositive of whether federal question jurisdiction exists." Peters, 80 F.3d at 260. If the plaintiff's "right to relief necessarily depends on the resolution of a disputed and substantial question of federal law," then subject matter jurisdiction exists and remand is not appropriate. Central Iowa Power Coop., 561 F.3d at 912 (citing Grable, 545 U.S. at 314).

**Discussion**

As stated above, defendants removed this case asserting that the Petition on its face presents significant and substantial claims arising under the United States Constitution, specifically in Count VIII, which is titled "negligence per se." Paragraph 64 of the Petition alleges:

> By arresting and/or confining Plaintiff without probable cause and without the issuance of a warrant, Defendant Sally Panzer and/or Defendant James H. Cox, III and/or Defendant Victor Paciorko and each of them violated Amendments IV and V to the Bill of Rights of the United States Constitution, and related laws of the State of Missouri and the City of St. Louis--including numerous statutes enacted by the State and numerous ordinances, rules and regulations enacted by the city of St. Louis --applicable to police officers (hereinafter "Laws").

Petition at 14, ¶ 64.[2]

---

[2]Defendants note that the shortened nomenclature, "Laws," which includes reference to Amendments IV and V to the United States Constitution, is realleged in paragraphs 64-66 and 68-74

4

Defendants state the Petition alleges, among other things, that plaintiff was unconstitutionally arrested and confined without probable cause and without the issuance of a warrant, and that this conduct violated the Fourth and Fifth Amendments to the U.S. Constitution. Defendants assert that these allegations present federal questions on the face of plaintiff's Petition and form the basis for this Court's jurisdiction.

In moving to remand, plaintiff asserts that the face of his Petition demonstrates each cause of action is based on the common law of the State of Missouri, and no federal question is presented. With respect to the Petition's references to the Fourth and Fifth Amendments, plaintiff contends that "this potential federal issue embedded in a state law claim does not give rise to federal-question jurisdiction." Mem. Supp. Mot. Remand at 3. Plaintiff asserts that there is no substantial federal interest in the resolution of the state claim of negligence per se, and that his reference to the federal constitution was "superfluous" in the context of his negligence per se claim, because he could not recover under that claim for the violation of a federal constitutional right.

The issue the Court must determine is whether plaintiff's Petition, which asserts state law claims but also alleges the violation of plaintiff's rights under the United States Constitution as part of those claims, "necessarily depends on the resolution of a disputed and substantial question of federal law." Central Iowa Power Coop., 561 F.3d at 912. The Court concludes that it does not.

Under Missouri law, negligence per se is a form of ordinary negligence but has additional elements, primarily that it is based on the defendant's violation of a statute or ordinance:

> "Whether negligence exists in a particular situation depends on whether or not a reasonably prudent person would have anticipated danger and provided against it." Gibson v. Brewer, 952 S.W.2d 239, 249 (Mo. banc 1997). Negligence per se arises where the legislature pronounces in a statute what the conduct of a reasonable person

---

of the Petition.

must be, whether or not the common law would require similar conduct, Monteer v. Prospectors Lounge, Inc., 821 S.W.2d 898, 900 (Mo. App.1992), and the court then adopts the statutory standard of care to define the standard of conduct of reasonable person. Restatement Torts (Second) sections 286, 288 (1965). Negligence per se "is a form of ordinary negligence that results from the violation of a statute." 57A Am.Jur. 2d Negligence section 727 (1989).

Lowdermilk v. Vescovo Building & Realty Co., Inc., 91 S.W.3d 617, 628 (Mo. Ct. App. 2002).

The elements of a claim of negligence per se under Missouri law are: (1) the violation of a statute or ordinance; (2) the injured plaintiff was a member of the class of persons intended to be protected by the statute or ordinance; (3) the injury complained of was of the kind the statute or ordinance was designed to prevent; and (4) the violation of the statute or ordinance was the proximate cause of the injury. Lowdermilk, 91 S.W.3d at 628. "In the analysis of negligence per se, the precursor is a violation of a statute [or ordinance]." Sill v. Burlington N. R.R., 87 S.W.3d 386, 392 (Mo. Ct. App. 2002) (citing King v. Morgan, 873 S.W.2d 272, 275 (Mo. Ct. App. 1994)).

Plaintiff's Count VIII pleads the elements of the state law cause of action of negligence per se. See Petition at 14. For the first element, violation of a statute or ordinance, plaintiff alleges that defendants violated the Fourth and Fifth Amendments, state statutes, and various city ordinances relating to police officers. Plaintiff argues that his inclusion of federal constitutional violations in Count VIII is superfluous and insubstantial, because it is doubtful whether he could successfully assert such a violation as a basis for recovery for negligence per se under Missouri law, because the federal constitution is neither a statute nor an ordinance.

The Court need not decide whether a federal constitutional violation could form the basis for a Missouri common law claim of negligence per se. It is clear from a careful review of the entire Petition that federal law does not create plaintiff's causes of action and plaintiff's right to relief does not necessarily depends on resolution of a substantial question of federal law. Plaintiff expressly

6

pleaded the elements of state common law claims in his Petition, and did not plead federal causes of action. A violation of the federal constitution is not an essential element of plaintiff's negligence per se claim. Plaintiff's limited references to the Fourth and Fifth Amendments in his Petition do not present a disputed and substantial question of federal law sufficient to establish federal jurisdiction on removal, and there is no assertion that plaintiff's claims cannot be resolved with state law. Cf. Central Iowa Power Coop., 561 F.3d at 912 (although complaint made several references to a federally-regulated agreement, plaintiff's state law implied contract and tort claims did not require it to prove a violation of or the court to interpret the federally-regulated agreement, as they were independent of the agreement, and therefore did not raise a substantial question of federal law sufficient to establish federal jurisdiction on removal).

Although plaintiff could have asserted claims for violation of his federal constitutional rights under 42 U.S.C. § 1983, he chose not to do so. "Jurisdiction may not be sustained on a theory that the plaintiff has not advanced." Merrell Dow Pharms. Inc., 478 U.S. at 809 n.6. "[W]hen both federal and state remedies are available, plaintiff's election to proceed exclusively under state law does not give rise to federal jurisdiction." Avitts v. Amoco Prod. Co., 53 F.3d 690, 693 (5th Cir. 1995). "[S]ubject matter jurisdiction cannot be created by simple reference to federal law. Subject matter jurisdiction can only be created by pleading a cause of action within the district court's original jurisdiction." Id.

Federal courts have repeatedly held that vague, ambiguous, or passing references to federal law in a complaint are not sufficient to support removal based on federal question jurisdiction. See, e.g., Casey v. Midwest Title Serv., Inc., 2006 WL 2862457, at *2 (N.D. Okla. Oct. 4, 2006) ("Vague references to federal law in the complaint and notice of removal will not suffice to create federal

7

question jurisdiction"); Patterson v. Campbell, 2006 WL 354974, at *3 (M.D. Tenn. Feb. 14, 2006) ("ambiguity defeats removal"); Maguire v. Telcom Global Solutions, Inc., 2003 WL 124475, at *3 (N.D. Tex. Jan. 10, 2003) ("vague reference to federal law is simply insufficient to satisfy [Defendant's] burden of establishing that this case involves a federal question"); Matthews v. Stewart, 207 F.Supp.2d 496, 499 (M.D. La. 2001) ("In this court of limited jurisdiction, a passing reference to federal laws is insufficient to confer jurisdiction[.]"); Rabinowitz v. Benson, 1992 WL 309808, at *1 (S.D.N.Y. Oct. 9, 1992) (removal improper where "complaint made only a vague reference to federal law, without specifically alleging a cause of action" under federal law). Plaintiff's limited reference to the federal constitution in the Petition similarly does not confer federal question jurisdiction in this case.

The Court therefore concludes that defendants have failed to meet their burden to establish that federal question jurisdiction exists in this matter.

**Conclusion**

For the foregoing reasons, the Court concludes that federal law does not create the right of action and plaintiff's right to relief does not necessarily depend on the resolution of a disputed and substantial question of federal law. As a result, this Court lacks subject matter jurisdiction and plaintiff's motion to remand must be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Remand is **GRANTED**. [Doc. 13]

An appropriate order of remand will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  14th  day of May, 2009.